IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00739-BNB

GABRIEL L. FLORES,

    Plaintiff,

v.

"R.N." MRS. AMY FRIEND,
DR. MORGAN, Mental Health,
MRS. RENAE MARTINEZ, "Director of Medical," and
ALL OF THE COLORADO DEPARTMENT OF CORRECTIONS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 18 2009

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Gabriel L. Flores is a prisoner in the custody of the Colorado Department of Corrections ("DOC") at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Flores initiated this action by filing *pro se* a Prisoner Complaint. On April 13, 2009, Mr. Flores filed an amended Prisoner Complaint. He asserts claims in this action pursuant to 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Flores is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(2), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that seeks monetary relief from a defendant entitled to immunity. For the reasons stated below, the Court will dismiss the amended complaint in part pursuant to § 1915A(b)(2).

The Court must construe the amended complaint liberally because Mr. Flores is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Flores complains that he was denied appropriate medical treatment when he suffered an allergic reaction in July 2007. He asserts his medical treatment claims against three individuals who allegedly were involved in his medical treatment at that time. Mr. Flores also asserts a fourth claim against the DOC, which he identifies as "All of the Colorado Department of Corrections," because the DOC "is responsable [sic] for the actions of all staff and proper medical care in all facilities till [sic] defendants are to be released." (Am. Prisoner Compl. at 10.)

Mr. Flores' claim against the DOC lacks merit and must be dismissed. The DOC, which is an agency of the State of Colorado, *see* Colo. Rev. Stat. § 24-1-128.5, is protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Therefore, the DOC is immune from suit unless the State of Colorado has made an express waiver of its Eleventh Amendment immunity and consented to suit in federal court or Congress has abrogated Eleventh Amendment immunity. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195-96 (10th Cir.

1998). For the state and its agencies, Eleventh Amendment immunity extends to suits for damages and injunctive relief. *See id.* at 1196.

The State of Colorado has not waived its Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). Furthermore, congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, Mr. Flores' claim against the DOC will be dismissed pursuant to § 1915A(b)(2) because the DOC is entitled to Eleventh Amendment immunity.

The Court will not address at this time the merits of Mr. Flores' claims against the individual Defendants. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the fourth claim in the amended complaint is dismissed pursuant to 28 U.S.C. § 1915A(b)(2) and the DOC, which is identified in the caption of the amended complaint as "All of the Colorado Department of Corrections," is dismissed as a party to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 15 day of May, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00739-BNB

Gabriel Flores
Prisoner No. 135453
Colorado State Penitentiary
PO Box 777 - Unit A-6-27
Cañon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/18/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk