IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00739-PAB-KMT

GABRIEL L. FLORES,

    Plaintiff,

v.

"R.N." MRS. AMY FRIEND,
DR. MORGAN, Mental Health, and
MRS. RENAE MARTINEZ, "Director of Medical,"

    Defendant.

_____

**ORDER ON THE RECOMMENDATION OF THE MAGISTRATE JUDGE**
_____

    This matter comes before the Court on the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 42], which recommends that the Court grant the motions to dismiss of defendants Morgan and Martinez [Docket No. 25] and defendant Friend [Docket No. 30]. On January 13, 2010, plaintiff filed timely objections [Docket No. 43] to the Recommendation. Defendants have filed a response [Docket No. 44] to the objections.

    Where a party timely files objections to a magistrate judge's recommended adjudication of a dispositive motion, the Court reviews the objected-to portion of the recommendation *de novo*. Fed.R.Civ.P. 72(b). The gist of plaintiff's objection is that in lieu of dismissal, he should be given an opportunity to amend his complaint.

Because plaintiff did not object to the substantive discussion, I may review that portion of the magistrate judge's Recommendation under any standard I deem appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). In this matter, I have reviewed the substantive discussions in the Recommendation to satisfy myself that there is "no clear error on the face of the record,"[1] *see* Fed.R.Civ.P. 72(b), Advisory Committee Notes, and conclude that the magistrate correctly applied the facts and the law.

I turn now to plaintiff's argument that amendment would be more appropriate than dismissal. He cites *Oxendine v. Kaplan* for the proposition that "dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." 241 F.3d 1272, 1275 (10th Cir. 2001) (internal alteration marks omitted). However, plaintiff does not suggest in his objection how amendment could correct the deficiencies noted by the magistrate judge. Upon review of the case, I conclude that amendment would in fact be futile. The magistrate judge recommends

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed.R.Civ.P. 72(a), which in turn is less than a *de novo* review. Fed.R.Civ.P. 72(b).

dismissal of any official capacity claims against the defendants pursuant to the Eleventh Amendment. No additional facts will negate this conclusion. With respect to plaintiff's individual capacity claims, the problem is not, as plaintiff contends, with his "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The problem is that he simply does not have a viable claim against these defendants.

The story presented by plaintiff is that, upon contraction of certain physical symptoms, he sought treatment from and was seen by prison medical staff. According to plaintiff's complaint, the medical staff steadily escalated his treatment until his symptoms were alleviated. Plaintiff apparently did not agree with all of the medical decisions or the apparent demeanor of the staff. The Court concludes that it would be futile to allow plaintiff to amend his complaint. Plaintiff required no legal training to state the facts giving rise to his complaint, which he has done in detail. However, what plaintiff describes is dissatisfaction with the service he received, not a constitutional violation.

Pursuant to the foregoing discussion, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 42] is ACCEPTED. The defendants Morgan and Martinez's motion to dismiss [Docket No. 25] and defendant Friend's motion to dismiss [Docket No. 30] are GRANTED. All of plaintiff's claims are dismissed with prejudice. It is further

**ORDERED** that the clerk shall forthwith enter judgment in favor of defendants Morgan, Martinez, and Friend and against plaintiff Gabriel Flores.

DATED March 11, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge